KC

FILED

MAR 2 2 2005 rq

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Curtis Miller and Earnest Thomas,

Plaintiffs,

vs.

University of Chicago,

Defendant.

Civil File No. JUDGE COAR

05C 1663

COMPLAINT AND
JURY DEMAND

MAGISTRATE JUDGE SCHENKIER

Plaintiffs, by and through their attorneys, Michael A. Johnson & Associates and Halunen & Associates, complaining of Defendant, allege:

**JURISDICTION AND VENUE**

1. This is an action brought to remedy race and age discrimination and retaliation which resulted in the alteration of the terms and conditions of Plaintiffs' employment and to remedy injuries suffered by the Plaintiffs pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et. seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. Sec. 621 *et. Seq.* and violations the Fair Labor Standards Act- 29 U.S.C. §207.

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. 2000e (f) and (f) *et. seq.* and 29 U.S.C. 207.

3. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. Sec. 2000e-(b) and 28 U.S.C. Sec. 1331.

4. Plaintiffs have exhausted all administrative remedies. Plaintiffs have been issued Right to Sue letters from the EEOC for their charges of discrimination and retaliation.

PARTIES

5. Plaintiff Curtis Miller is an African-American male who resides in the County of Cook, State of Illinois.

Plaintiff Earnest Thomas is an African-American male who resides in Gary, Indiana.

6. Defendant University of Chicago, upon information and belief, is an Illinois corporation and is subject to jurisdiction by this Court. Defendant is an employer as defined by Title VII.

FACTS

7. Plaintiff Miller began his employment with Defendant in September, 1985.

8. Plaintiff Thomas began his employment with Defendant in January, 1999.

9. Plaintiff Miller's job title was Facilities Manager. His supervisors were Thomas Weingartner, the Director of Athletics, and Jennifer Coleman, the Assistant Director of Athletics.

10. Plaintiff Thomas worked as an athletic aide. Plaintiff Miller was his immediate supervisor.

11. While employed by Defendant, Plaintiffs and other African-American employees were subjected to differential treatment as compared to Caucasian employees.

12. Plaintiff Miller was not given the same promotional opportunities or pay compared to less senior and less qualified Caucasian employees. He was assigned the smallest office in the department and was not permitted to engage in his assigned managerial duties regardless his management title.

13. On numerous occasions Plaintiffs observed discriminatory hiring practices of Defendant. Plaintiff Miller was specifically directed not to hire qualified African-American applicants.

14. Both Plaintiffs further observed that African-American employees were terminated for contrived reasons or reasons that did not result in termination when engaged in by Caucasian employees. Plaintiff Miller was ordered to write up and terminate certain employees based solely upon their race.

15. Immediately upon assuming her position as the Assistant Director of Athletics, Ms. Coleman exhibited contempt and hostility towards Plaintiffs and other African-American employees.

16. Ms. Coleman treated Plaintiffs as slaves. She would make statements such as: "I'm your supervisor – I'll tell you when to talk"; she would "snap" her fingers as part of a command for action; she would discipline Plaintiffs over contrived reason and scrutinize and berate them in front of their peers; she would constantly use a condescending tone and demeanor; she would dramatically change Plaintiff Miller's work schedule with disrespect to his seniority.

17. Ms. Coleman forced Plaintiff Thomas to perform jobs without the use of proper equipment, such as gloves for trash removal and power equipment for heavy jobs such as fence post removal. Instead, Coleman forced Thomas to perform these tasks with his bare hands.

18. On one occasion, Plaintiff Thomas was working outside in 90 degree heat as he attempted to enter a building to get a drink of water, Ms. Coleman stopped him and told him that he could not get a drink of water. She told him that the drinking fountains in the building were not working and that he should get back to work. Even after Plaintiff Thomas explained to her that he needed to re-hydrate because of the extreme heat and so that he could take his

medication, she refused to allow him access to the building. Later, Plaintiff Miller went to the building and found the drinking fountains to be working just fine.

19. Both Plaintiffs repeatedly reported Ms. Coleman's abusive treatment to Defendant University Administration but no investigation was commenced.

20. Defendant did not investigate Plaintiffs' complaints and failed to take any prompt or appropriate action to stop the harassment.

21. Plaintiffs further observed that Defendant engaged in a pattern and practice of discriminatory treatment towards employees based upon their age. Mr. Weingartner and Ms. Coleman made it clear that they wanted to make changes in the Department of Physical Education and Athletics. These changes included bringing in "new blood".

22. Plaintiffs discovered that Defendant had a practice of terminating older employees and was in the process of establishing the practice of terminating African – American employees. Among such terminated employees were coach Bill Smith, an African-American employee over 55 years of age and coach John Angelus over 60 years of age. Plaintiff Miller was 42 years old at the time of his termination. Plaintiff Thomas was 51 years old.

23. Plaintiffs were aware that they were being targeted to either quit or to be terminated. Ms. Coleman instructed Plaintiff Miller to write up Plaintiff Thomas for sleeping on the job, when, in fact, Plaintiff Thomas was not sleeping on his job. Plaintiff Thomas was reprimanded for alleged "insubordinate and inappropriate conduct" in February and May 2004. The alleged incidents were not reported accurately. On June 28, 2004, Plaintiff Thomas was accused of threatening to a co-worker. Plaintiff Thomas was terminated although witnesses to the incident observed and reported that his conduct was not threatening at all.

24. Plaintiff Miller was eliminated from his position due to an alleged reorganization of the Department. His job duties, however, were assumed by a Caucasian employee in his 20's.

25. Plaintiff Miller was misclassified as an exempt salaried employee rather than a non-exempt hourly employee. Although having the title of Facility Manager Plaintiff he did not engage in making planning level decisions nor was he permitted to engage in independent judgment in his general duties. Plaintiff was not allowed to make any significant decisions without first getting approval from his managers. He was not allowed to hire or terminate anyone and did not spend 50% of his time managing anything. From the beginning of his employment until the termination Plaintiff Miller worked an average of 70 hours a week without receiving overtime compensation.

**COUNT ONE**
**RACE DISCRIMINATION/HOSTILE ENVIRONMENT- TITLE VII VIOLATIONS**

Plaintiffs reallege each and every paragraph of this Complaint.

26. Defendant engaged in unlawful employment practices involving the Plaintiffs in violation of Title VII- 42 U.S.C. Section 2000e *et seq*. These practices include, but are not limited to, Defendant's denying employment opportunities and the creation of a hostile work environment because of the Plaintiffs' race.

27. The effect of the practices complained of above has been to deprive Plaintiffs of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

28. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or with reckless indifference to federal anti-discrimination laws that protect Plaintiffs.

29. Defendant policies, procedures and customs adversely impacted Plaintiffs because of their race.

30. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and continue to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of wages and benefits and other physical damages.

**COUNT TWO**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**(ADEA) DISCRIMINATION**

Plaintiffs reallege each and every paragraph of this Complaint.

31. Defendant engaged in unlawful employment practices involving Plaintiffs based upon their age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. Sec. 621 *et. Seq.* These practices include, but are not limited to: subjecting Plaintiffs to differential treatment with respect to work assignments; being unfairly evaluated and reprimanded; being denied promotional opportunities; and being terminated.

32. The effect of the practices complained of above has been to deprive Plaintiffs of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

33. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or with reckless indifference to anti-discrimination laws which protect the Plaintiffs.

34. Defendant policies, procedures and customs adversely impacted Plaintiffs because of their age.

35. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and continue to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages.

**COUNT THREE**
**RETALIATION IN VIOLATION OF TITLE VII**

Plaintiffs reallege each and every paragraph of this Complaint.

36. Defendant engaged in unfair discriminatory practices when it retaliated against Plaintiffs for raising claims of race discrimination and/or age discrimination to Defendant in violation of Title VII.

37. Plaintiffs have suffered, and continue to suffer, severe emotional distress, public humiliation, embarrassment, pain and suffering, loss of reputation, wage and benefit loss and other serious injuries as a result of Defendant's reprisal.

**COUNT FOUR**
**FAIR LABOR STANDARDS ACT VIOLATIONS**

Plaintiffs reallege each and every paragraph of this Complaint.

15. As described above, from the inception of Plaintiffs' employment through the date of their termination, Plaintiffs worked in excess of forty (40) hours per workweek without receipt of overtime compensation thereof.

16. During said time period, Plaintiffs were wrongly classified by Defendant as exempt employees who should have been classified as non-exempt employees entitled to payment of overtime for all hours in excess of 40 as provided by Section 7 of the Fair Labor Standards Act- 29 U.S.C. § 207.

17. Defendant engaged in a pattern and practice of behavior intended to deprive employees' overtime pay by misclassifying them as exempt employees.

18. As a result of the unlawful conduct on the part of Defendant, Plaintiffs have suffered and continue to suffer from damages in an amount that is not presently ascertainable. Plaintiffs' seeks damages for themselves, for compensatory and liquidated damages as a result of Defendant's willful failure to pay overtime in violations of Section 7 of the Fair Labor Standards Act- 29 U.S.C. §207

**WHEREFORE**, Plaintiffs respectfully pray this Court:

a. Declares that the acts and practices complained of herein are in violation of Title VII and the Age Discrimination in Employment Act of 1967.

b. Enjoin and permanently restrain these violations of Title VII and the Age Discrimination in Employment Act of 1967 in the hiring, promotion and termination of employees.

c. Award Plaintiffs compensatory damages for injuries suffered through each cause of action as a result of Defendant's illegal and tortuous conduct in an amount in excess of $50,000.00.

d. Award Plaintiffs damages and remedies available for violations of Section 7 of the Fair Labor Standards Act- 29 U.S.C. §207

e. Award Plaintiffs punitive damages as provided by statutes.

f. Award Plaintiffs prejudgment interest, costs of this action, and reasonable attorney's fees as provided by statute.

f. Grant Plaintiffs such other further relief as may be necessary and proper.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL CLAIMS

Dated this ____ of March, 2005.

MICHAEL A. JOHNSON & ASSOCIATES

Michael A. Johnson (#[illegible])
415 North LaSalle Street
Chicago, Illinois 60610
Telephone: (312) 222-0660
*Attorney for Plaintiff*

HALUNEN & ASSOCIATES

Joni M. Thome (#232087)
Clayton D. Halunen (#219721)
220 South Sixth Street
Pillsbury Center Suite 2000
Minneapolis, MN 55402
Telephone: (612) 605-4098
*Attorney for Plaintiff*